```
               UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| FRED L. WOGAN, JR., | : | CIVIL NO. **1:05-CV-0370** |
| Plaintiff | : | (Chief Judge Vanaskie) |
| v. | : | (Magistrate Judge Smyser) |
| EARL REITZ, | : | |
| DR. DANIELS, | : | |
| DR. VONKEIL and | : | |
| PRIME CARE MEDICAL, INC., | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

The cause of events described in the complaint is materially similar to that described in many prisoner medical care complaints. A prisoner with a serious medical condition, transferred to or newly confined in a correctional institution, experiences changes in the medical care approach taken to his medical condition. The medication(s) may be changed or some other aspect of the treatment regimen may be changed.

In the amended complaint, the plaintiff alleges that he was discharged from the Carlisle Medical Center on April 15, 2004. He was given instructions for medications and for follow-up appointments with a specialist. On April 29, 2004, he was arrested for a parole violation and was committed to the Cumberland County Prison. On May 2, 2004, he was seen by a nurse. He was told that a doctor would conduct a physical examination. He was told that he would be given needed

medications.  He explained to the nurse that he has heart disease and high blood pressure.  On May 3, 2004, he was examined by defendant Dr. Daniels.  He explained his high blood pressure and heart disease to Dr. Daniels.  He gave Dr. Daniels a copy of his Carlisle Medical Center discharge papers, and he signed a medical records release form. Dr. Daniels prescribed a medication different from that prescribed by the Medical Center.  On May 4, 2004, Dr. Daniels told the plaintiff that he would not be returned to the Medical Center for follow-up testing and appointments.

The plaintiff asserts that he is being denied necessary medical care based upon considerations of expense.

The plaintiff alleges that he has experienced chest pains and breathing problems.  On November 22, 2004, he had chest pains and was transported to the Carlisle Medical Center and was treated there.  On November 23, 2004, he was transported to the Holy Spirit Hospital for testing and diagnosis.  He was discharged with instructions to take certain medications.  On November 24, 2004, he was seen by Dr. Daniels.  The medications were discussed.  The plaintiff, however, was not switched to the prescribed medications.

On January 21, 2005, Prime Care Medical, Inc. became Cumberland County Prison's medical care provider.  On January 21, 2005, Dr. Vonkeil examined the plaintiff.

Dr. Vonkeil discontinued all medications. He recommended that the plaintiff see the psychiatrist.

The claims brought by the plaintiff are brought under the United States Constitution, Eighth Amendment, prohibiting cruel and unusual punishment of a prisoner, and under Pennsylvania state negligence law.

Defendant Daniels argues that the claims of negligence under state law should be dismissed because no certification of merit under Rule 1042.3 of the Pennsylvania Rules of Civil Procedure is presented. Rule 1042.3 provides:

> (a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either
>
>> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised, or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
>>
>> (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or
>>
>> (3) expert testimony of an appropriate licensed professional is

>           unnecessary for prosecution of the
>           claim.
>
>           (b) A separate certificate of merit shall
>       be filed as to each licensed professional
>       against whom a claim is asserted.

The plaintiff has not filed a Rule 1042.3 certificate. The plaintiff argues that the Certificate of Merit requirement is a pleading requirement as to which he should not be considered bound because he is *pro se* and should be held to less strict standards.  The Pa. Rule requirement is not a pleading requirement but rather constitutes substantive state law that a federal court must apply as to a state law claim to which it applies. *Scaramazza v. Sciolla*, 345 F.Supp. 2d 508 (E.D. Pa. 2004).  While the court most likely has the authority to extend the sixty days, no request for an extension was made here and the plaintiff is incorrect in asserting the Rule's inapplicability.  It will therefore be recommended that the complaint be dismissed as to the state law negligence claim against defendant Dr. Daniels pursuant to Rule 1042.3 because no Certificate of Merit has been filed.

Defendant Dr. Daniels argues that the Eighth Amendment claim is not a claim upon which relief can be granted.

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint; the court must decide whether, even if the plaintiff were able

4

to prove all of his allegations, he would be unable to prevail. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). In a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the burden is on the moving party to show that there is no actionable claim. *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980). When deciding a motion to dismiss, the court must accept all material allegations of the complaint as true and draw all inferences in the light most favorable to the plaintiff. *Pennsylvania House, Inc. v. Barrett*, 760 F. Supp. 439, 449 (M.D. Pa. 1991). However, "conclusory allegations of law, unsupported conclusions and unwarranted inferences need not be accepted as true." *Id*. at 449-50. A complaint should not be dismissed for failure to state a claim upon which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 44-46 (1957); *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir. 1988).

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Unnecessary and wanton inflictions of pain include those that are totally without penological justification. *Hope v. Pelzer*, 536 U.S. 730, 737 (2002). Conditions which inflict needless suffering, whether physical or mental, may constitute cruel and unusual punishment. *Tillery v. Owens*, 719 F.Supp.

1256, 1275 (W.D. Pa. 1989), *aff'd*, 907 F.2d 418 (3d Cir. 1990).

Punishment is cruel and unusual only if it is "unusually severe, if there is a strong probability that it is inflicted arbitrarily, if it is substantially rejected by contemporary society, and if there is no reason to believe it serves any penal purpose more effectively than some less severe punishment." *Rhodes v. Robinson*, 612 F.2d 766, 774 (3d Cir. 1979) (quoting *Furman v. Georgia*, 408 U.S. 238, 282 (1972) (Brennan, J., concurring)).

In order for plaintiff to state an Eighth Amendment medical claim under 42 U.S.C. §1983 he must allege that the defendants acted under color of state law and that they acted with "deliberate indifference to serious medical needs" of the plaintiff while a prisoner. *Estelle v. Gamble*, 429 U.S. 97 (1976). Mere medical malpractice does not give rise to a violation of the Eighth Amendment. *White v. Napoleon*, 897 F.2d 103, 108 (3d Cir. 1990). "While the distinction between deliberate indifference and malpractice can be subtle, it is well established that as long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990).

6

The Third Circuit Court of Appeals explored the type of conduct on the part of prison officials that could amount to deliberate indifference in *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326 (3d Cir. 1987). After noting that mere allegations of malpractice do not raise issues of constitutional import, the court stated:

> Where prison authorities deny reasonable requests for medical treatment, however, and such denial exposes the inmate to undue suffering or the threat of tangible residual injury, deliberate indifference is manifest. Similarly, where knowledge of the need for medical care is accompanied by the intentional refusal to provide that care, the deliberate indifference standard has been met. Short of absolute denial, if necessary medical treatment is delayed for non-medical reasons, a case of deliberate indifference has been made out. Deliberate indifference is also evident where prison officials erect arbitrary and burdensome procedures that result in interminable delays and outright denials of medical care to suffering inmates. Prison officials may not, with deliberate indifference to the serious medical needs of the inmate, opt for an easier and less efficacious treatment of the inmate's condition. Nor may they condition provision of needed medical services on the inmate's ability or willingness to pay. Finally, deliberate indifference is demonstrated when prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to [a] physician capable of evaluating the need for such treatment.

834 F.2d at 346-347 (citations and internal quotations omitted). A prison official is not deliberately indifferent simply because he of she failed to respond to a prisoner's medical complaint when the prisoner was already being treated by a prison doctor. *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993).

The concept of serious medical need has two components, one relating to the consequences of a failure to treat and the other relating to the obviousness of those consequences. *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991). The condition must be such that a failure to treat can be expected to lead to substantial and unnecessary suffering, injury or death. *Id*. Also, the condition must be one that has been diagnosed by a doctor as requiring treatment or one that is so obvious that a lay person would easily recognize the need for a doctor's attention. *Id*.

The Third Circuit has "found 'deliberate indifference' in a variety of circumstances, including where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). The Third Circuit has also "found 'deliberate indifference' to exist when the prison official persists in a particular course of treatment 'in the face of resultant pain and risk of permanent injury.'" *Id*. (quoting *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990)).

Dr. Daniels argues that the complaint describes as to his role a mere difference in approach among medical providers, not the absence of medical care. As to the medical care role of Dr. Daniels, the complaint states that he saw the

8

plaintiff on several occasions and considered treatment alternatives.  The plaintiff does not allege facts in his complaint of a general or specific nature which if proven would support an inference that Dr. Daniels was indifferent to the plaintiff's medical needs.  It will therefore be recommended that the motion of defendant Dr. Daniels to dismiss the complaint for failure to state a claim upon which relief can be granted be decided in favor of dismissal.

　　　　The argument presented in the motion of defendant Dr. Vonkeil to dismiss the plaintiff's deliberate indifference claim is that the allegation that Dr. Vonkeil examined the plaintiff on January 21, 2005 and removed the plaintiff from his medications and recommended psychiatric consultation is not supportive of any inferences of deliberate indifference.  This is also, in part, the basis on which Prime Care, Dr. Vonkeil's employer, seeks to have the complaint dismissed as against it.

　　　　Construing the plaintiff's complaint in the light most favorable to the plaintiff, he had heart disease and high blood pressure which, upon the assumption by Prime Care and Dr. Vonkeil of responsibility for the plaintiff's case, was without discernible basis reduced to or converted to a psychiatric condition on the plaintiff's part.  This characterization of what Prime Care and Dr. Vonkeil did, a characterization that is consistent with a construction of the complaint in a light most favorable to the plaintiff, is not

9

unreasonably seen to support an inference of deliberate indifference on the part of Dr. Vonkeil and Prime Care.

Prime Care asserts that in any event it is entitled to have this complaint dismissed as to it because the complaint as to it is premised upon vicarious liability.  "Liability may not be imposed under § 1983 on the principle of *respondeat superior.*" *Hetzel v. Swartz*, 909 F.Supp. 261, 264 (M.D. Pa. 1995).  Liability under 42 U.S.C. §1983 may be based only upon a defendant's personal involvement in conduct amounting to a constitutional violation.  *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976).  The complaint must contain averments of the involvement of the defendants in the conduct which caused a violation of the plaintiff's constitutional rights.  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

Prime Care does not rebut or overcome the plaintiff's assertion in the complaint that it is the health care provider that provides medical care to inmates at the Cumberland County Prison.  It is clearly not a natural person and accordingly necessarily provides medical care through its employees, but this is not a vicarious liability or *respondeat superior* situation.  Prime Care is, as the health care provider for inmates at the Prison, as personally involved in the plaintiff's healthcare when acting through a Prime Care physician as a corporate entity health care provider can be.  The court should reject a lack-of-personal-involvement

10

argument on the part of defendant Prime Care and should deny the motion to dismiss the Eighth Amendment claim against defendants Prime Care and Vonkeil.

The negligence claims against defendants Vonkeil and Prime Care should be dismissed because the plaintiff presents no certificate of merit, for the same reasons as are stated above as to the state law claim against Dr. Daniels.

Defendant Reitz adopts the arguments of defendants Prime Care and Vonkeil for the dismissal of the Eighth Amendment claims against them.

Defendant Reitz is the warden of the Cumberland County Prison.  He is named in the plaintiff's amended complaint in his capacity as warden.  The plaintiff alleges that Warden Reitz "would have the final approval" to grant or deny medical testing and treatment.  No personal involvement on the Warden's part in any medical care decision involving the plaintiff is alleged.  The plaintiff's complaint as to defendant Earl Reitz is premised upon a theory of vicarious liability or *respondeat superior* or, at most, a speculation that the Warden reviewed decisions made affecting the plaintiff's medical care.  The Eighth Amendment claim should be dismissed.  The negligence claim as to defendant Reitz is subject to dismissal because there is no certificate of merit. The complaint should be dismissed as to defendant Reitz.

For the foregoing reasons, it is recommended that the plaintiff's amended complaint be dismissed as to all defendants as to the plaintiff's claim of negligence. It is recommended that the complaint be dismissed as to defendants Daniels and Reitz as to the plaintiff's claim of a violation of his Eighth Amendment right to have medical care provided to him as a prisoner that is not deliberately indifferent to his serious medical needs. It is recommended that the defendants' motions to dismiss the complaint otherwise be denied.

                                    **/s/ J. Andrew Smyser**
                                      J. Andrew Smyser
                                      Magistrate Judge

Dated:   July 19, 2005.