IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRED L. WOGAN, JR., : | |
| Plaintiff : | |
| : | No. 1:CV-05-370 |
| VS : | |
| : | (CHIEF JUDGE VANASKIE) |
| EARL REITZ, DR. DANIELS, : | (MAGISTRATE JUDGE SMYSER) |
| DR. VONKEIL, and : | |
| PRIME CARE MEDICAL, INC., : | |
| Defendants : | |

## ORDER

December 2, 2005

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On February 22, 2005, Fred L. Wogan, Jr., an inmate incarcerated at the Cumberland County Prison, filed a civil rights action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). Defendants named were Earl Reitz, Dr. Daniels, Dr. Vonkeil, Prime Care Medical, Inc. ("Prime Care"), Carl Hoffman, Bruce Althouse and Cumberland County.

By Order dated March 3, 2005, United States Magistrate Judge J. Andrew Smyser, to whom this matter had been referred, directed the *pro se* Plaintiff to file an amended complaint. Plaintiff complied on March 21, 2005, omitting Hoffman, Althouse and Cumberland County as Defendants.[1]  Service of the amended complaint was subsequently directed by Magistrate Judge Smyser.

---

[1] Consequently, these individuals were removed from this action.

On May 20, 2005, Dr. Daniels moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). (Dkt. Entry 20.) On May 24, 2005, Dr. Vonkeil and Prime Care moved for dismissal pursuant to Rule (12)(b)(6). (Dkt. Entry 23.) On June 1, 2005, Earl Reitz filed a motion to dismiss pursuant to Rule (12)(b)(6). (Dkt. Entry 29.)

On July 19, 2005, Magistrate Judge Smyser issued a Report and Recommendation addressing the pending motions to dismiss.[2] (Dkt. Entry 32.) Magistrate Judge Smyser proposed that Earl Reitz and Dr. Daniels be dismissed. (Report and Recommendation, Dkt. Entry 32, at 8-9, 11.) He also recommended that Plaintiff's claim of negligence directed against Defendants Vonkeil and Prime Care be dismissed, but that the deliberate indifference to serious medical needs claim not be dismissed. (Id., at 11-12.) On August 1, 2005, Dr. Vonkeil and Prime Care filed objections to the Report and Recommendation. (Dkt. Entry 34.)

Because Dr. Vonkeil and Prime Care have filed objections to the Report and Recommendation, the record has been reviewed *de novo* in accordance with 28 U.S.C. 636(b), and plenary consideration has been given to the issues to which Dr. Vonkeil and Prime Care's objections relate.

Construing Plaintiff's complaint in the light most favorable to Plaintiff, Defendant Vonkeil "without discernable basis," reduced or converted Plaintiff's heart disease and high blood pressure to a psychiatric condition. (Id., at 9.) Magistrate Judge Smyser concluded that

---

[2] Magistrate Judge Smyser's Report and Recommendation includes a comprehensive recitation of the facts of this matter that is not challenged by the Plaintiff. Accordingly, there is no need to recount the factual background here.

Defendant Vonkeil's alleged conducted supported an inference of deliberate indifference. (Id., at 9-10.)

Defendants object to this conclusion, contending that Plaintiff's complaint merely reflects a difference of opinion in regards to the appropriate medical treatment for Plaintiff. (Objections to Report and Recommendation, Dkt. Entry 34, at 7-8.) Viewed liberally, however, Plaintiff has alleged that there was no proper basis for the diagnosis of Dr. Vonkeil. Such an averment is sufficient to infer deliberate indifference. Moreover, it would be inappropriate to resolve this issue at the pleadings stage, where the dispositive question is whether Plaintiff could prove no set of facts consistent with the allegations entitling him to relief. See Brown v. Philip Morris Inc., 250 F.3d 789, 796 (3d Cir. 2001). Succinctly stated, it simply cannot be said that, as a matter of law, Plaintiff does not have a viable Eighth Amendment claim. Accordingly, with respect to the deliberate indifference claim against Defendant Vonkeil, Magistrate Judge Smyser's recommendation will be adopted.

Prime Care objects to the Report and Recommendation to the extent that Magistrate Judge Smyser found that the Complaint adequately averred a basis on which to hold this corporate defendant liable. Although acknowledging the general rule that civil rights liability may not be imposed vicariously, Magistrate Judge Smyser reasoned that because Plaintiff alleged that Prime Care was the health care provider at the Cumberland County Prison, he had satisfied the direct involvement requirement for civil rights liability as a private corporation

necessarily acts through its employees. (Report and Recommendation, Dkt. Entry 32, at 10-11.) Magistrate Judge Smyser supported his position by stating that Prime Care was "as personally involved in the plaintiff's healthcare when acting through a Prime Care physician as a corporate entity health care provider can be." (Id., 10.)

The difficulty with Magistrate Judge Smyser's analysis is that the same point can be made with respect to a municipal corporation. As an artificial legal construct, a municipal corporation acts only through its employees. The logical consequence of Magistrate Judge Smyser's reasoning would be that it would be enough to hold a municipality liable solely by asserting that the municipality is the provider of the service in question. This position flies in the face of Monell v. New York City Dept. of Sec. Serv., 436 U.S. 658, 694 (1978), which requires more than an assertion that the municipal corporation was responsible for providing health care, police protection, prison services, or some other service, and that one of its employees violated the civil rights of a person in the course of providing the service in question. Where, as here, the employer's liability is premised solely on the acts of one of its non-policy making employees, Monell teaches that liability is not direct, but vicarious. Id. at 692 *(Respondeat superior* and vicarious liability are theories under which courts "impose liability vicariously solely on the basis of the existence of an employer-employee relationship with a tortfeasor.")

In this case, Dr. Vonkeil, Prime Care's employee, attended to Plaintiff's medical needs. He is alleged to have taken action that violated Plaintiff's Eighth Amendment rights. As Plaintiff

has not alleged any facts other than that Dr. Vonkeil was the person providing the health care that Prime Care agreed to render to the Cumberland County Prison, any liability of Prime Care would necessarily be vicarious or based upon respondeat superior.  Accordingly, Magistrate Judge Smyser's argument that this does not involve a vicarious liability or respondeat superior situation must fail.

Moreover, Prime Care cannot be held liable for the actions of Dr. Vonkeil in this matter on the basis of vicarious liability.  In a similar case involving a § 1983 claim against a company whose employees provided health care services to prison inmates, the Third Circuit ruled that the corporate health care provider "cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability." Natale v. Camden County Correctional Facility, et. al, 318 F.3d 575, 578 (3d Cir. 2003).  Natale is consistent with rulings by other circuits and courts that have explicitly stated that private corporations, as with municipalities under Monell, may not be held liable under § 1983 on the basis of vicarious liability or respondeat superior.  Street v. Corrections Corp. of America, 102 F.3d 810, 817-18 (6th Cir. 1996); Harvey v. Harvey, 949 F.2d 1127, 1129-30 (11th Cir. 1992); Rojas v. Alexander's Department Store, 924 F.2d 406, 408-09 (2d Cir. 1990); Iskander v. Village of Forest Park, 690 F.2d 126, 128 (7th Cir. 1982); Powell v. Shopco Laurel co., 678 F.2d 504 (4th Cir. 1982); Scheetz v. Morning Call, Inc., 747 F. Supp. 1515, 1520 (E.D. Pa. 1990); Hetzel v. Swartz, 909 F. Supp. 261, 264 (M.D. Pa. 1995).

Absent an allegation that Dr. Vonkeil took his actions pursuant to a corporate policy or custom, an actionable claim is not presented against Prime Care.  As no such averment has been made to date, Prime Care's motion to dismiss is meritorious.  Plaintiff, however, should be given leave to amend his complaint to make the requisite averments to hold Prime Care in this case, if Plaintiff can do so in good faith.  Accordingly, Prime Care's motion to dismiss will be granted, but Plaintiff shall be granted leave to file an amended complaint as to Prime Care for purposes of determining whether he can aver that the alleged deliberate indifference of Dr. Vonkeil is attributable to some policy or custom of this corporate party.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. The motions to dismiss filed on behalf of Defendants Dr. Daniels and Earl Reitz (Dkt. Entries 20 and 29) are **GRANTED.**

2. The Clerk of Court is directed to **TERM AS DEFENDANTS** in this case Reitz and Dr. Daniels

3. The motion to dismiss of Dr. Vonkeil and Prime Care Medical, Inc. (Dkt. Entry 23) is **GRANTED IN PART.**  All claims against Prime Care Medical, Inc. and the negligence claim against Dr. Vonkeil are **DISMISSED**.  In all other respects, the motion to dismiss is **DENIED**.

4. Plaintiff is granted leave to file an amended complaint concerning its deliberate indifference claim against Prime Care Medical, Inc. within fifteen (15) days from the date of this Order.

5.  This matter is referred to United States Magistrate Judge J. Andrew Smyser for further proceedings.

**s/ Thomas I. Vanaskie**
Thomas I. Vanaskie, Chief Judge
Middle District of Pennsylvania